UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LUIS MENDOZA, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| V. § | CIVIL ACTION NO. 21-cv-00267 |
| § | |
| JORDAN FOSTER § | |
| CONSTRUCTION, LLC, § | |
| § | |
| *Defendant.* § | |

## DEFENDANT'S APPENDIX OF STATE COURT FILINGS
### Exhibit 1 to Defendant's Notice of Removal

Attached as Ex. 1 to Defendant's Notice of Removal are the following items filed of record in the case numbered as 2021-DCV-3043 and styled "Luis Mendoza v. Jordan Foster Construction, LLC" in the 243rd Judicial District of Texas, El Paso County, Texas:

- Plaintiff's Original Petition and Jury Demand

- Summons to Jordan Foster Construction, LLC

- Defendant's Original Answer

Respectfully submitted,

/s/ *Scott A. Agthe*
Scott A. Agthe
State Bar No. 00934800
FISHERBROYLES, LLP
3801 N. Capital of Texas Highway
Ste. E240, #431
Austin, Texas 78746
(512) 905-2593 Telephone
(512) 717-7745 Facsimile
scott.agthe@fisherbroyles.com
**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the foregoing *Defendant's Appendix of State Court Filings* has been filed and served electronically through the CM/ECF systems via notice of electronic filing to the following counsel of record for Plaintiff on October 26, 2021:

Raymond D. Martinez
Jonathan L. R. Baeza
2110 E. Yandell Dr.
El Paso, TX 79903
raymond@martinezlawyers.com
jonathan@martinezlawyers.com

                                         /s/ *Scott A. Agthe*
                                         Scott A. Agthe

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org"

TO: **JORDAN FOSTER CONSTRUCTION, LLC,** which may be served with process by serving its registered agent, **REGISTERED AGENT SOLUTIONS INC at 1701 Directors Blvd., Suite 300, Austin, TX 78744** or wherever he/she may be found.

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition and Jury Request** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **243rd Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 30th day of August, 2021 by Attorney at Law, JONATHAN L.R. BAEZA, 2110 E. YANDELL DR., EL PASO, TX 79903, in this case numbered **2021DCV3043** on the docket of said court, and styled:

**LUIS MENDOZA**
**VS**
**JORDAN FOSTER CONSTRUCTION, LLC**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition and Jury Request** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 14th day of September, 2021.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest: _NORMA FAVELA BARCELEAU_ District Clerk
El Paso County, Texas

By: _____, Deputy
Clarisa Aguirre

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

**RETURN**

Came on hand on _____ day of _____, 20____, at _____ o'clock ____M., and executed in _____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's Original Petition and Jury Request**, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance |
|------|------|---|---|------|---|---|-------------------------------|
|      | MONTH | DAY | YEAR | Hour | Min. | ____.M. | From Court House |
|      |       |     |      |      |      |         |                  |
|      |       |     |      |      |      |         |                  |
|      |       |     |      |      |      |         |                  |
|      |       |     |      |      |      |         |                  |
|      |       |     |      |      |      |         |                  |
|      |       |     |      |      |      |         |                  |

And not executed as to the defendant, _____
_____
The diligence used in finding said defendant, being_____
And the cause of failure to execute this process is: _____
And the information received as to the whereabouts of the said defendant, being _____
FEES—SERVING ____ copy ____ $ _____  _____ Sheriff
                                          _____ County, Texas
     Total _____ $ _____ by _____, Deputy

**CERTIFICATE OF DELIVERY**

I do hereby certify that I delivered to _____,
_____ on the _____ day of _____,
20_____, at _____o'clock ____m. this copy of this instrument.

                                    _____, Sheriff/Agent
                                    _____ County, Texas
                                 By _____, Deputy/Agent

**SUBSCRIBED AND SWORN TO BEFORE ME ON THE** _____ **DAY OF** _____, 20____.

(SEAL)

                                                   _____
                                                   **NOTARY PUBLIC, STATE OF TEXAS**

| | |
|---|---|
| LUIS MENDOZA, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § |
| | § |
| JORDAN FOSTER CONSTRUCTION, LLC, | § |
| | § |
| Defendant. | § |

## PLAINTIFF'S ORIGINAL PETITION AND JURY REQUEST

Plaintiff, LUIS MENDOZA (hereinafter referred to as "Plaintiff"), hereby files this, this Original Complaint, against Defendant, **JORDAN FOSTER CONSTRUCTION, LLC**, (hereinafter referred to as "Defendant") for violating federal law. The causes of action and summary of claims relating thereto are addressed below:

### I. Parties, Jurisdiction And Venue

1. Plaintiff is a resident of the County of El Paso, Texas.

2. Defendant, JORDAN FOSTER CONSTRUCTION, LLC is a Texas company doing business in El Paso County, Texas and may be served with process by serving its registered agent REGISTERED AGENT SOLUTIONS, INC. at 1701 Directors Blvd., Suite 300, Austin, Texas 78744, or any authorized officer or agent of the company wherever he/she may be found.

3. This is a proceeding authorized by and instituted pursuant to the Family & Medical Leave Act of 1993 (FMLA). 29 U.S.C. §2601, *et seq*. It is brought to prevent Defendant from denying, restraining, or otherwise interfering with the rights guaranteed Plaintiff by the FMLA, and to recover damages and other relief authorized by section 2617(a) of the FMLA. 29 U.S.C §§2614, 2615, 2617(a). It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under FMLA. Job restoration after FMLA leave is an entitlement, the denial of which should be actionable under 29 U.S.C. §

1

2615(a)(1). It is unlawful to

4. This Court has subject matter jurisdiction because district courts are constitutional courts of general jurisdiction.

5. This Court has personal jurisdiction, both specific and general, over Defendant because they do business in Texas. Additionally, Plaintiff's cause of action arose in Texas and Defendant is amenable to service by a Texas Court.

6. Venue is proper in El Paso County because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred there. TEX.CIV.PRAC. &REM. CODE §15.002(A)(1).

## II. Factual Background

7. Plaintiff was hired by Defendant on or about July 31, 2018 as a Project Superintendent to work on the Plaza Garage Structure.

8. Defendant employed more than 50 employees within a 75 mile radius of El Paso, Texas during the relevant time frame.

9. On or about August 18, 2019, Plaintiff was rear-ended. He suffered a mild heart attack due to the accident and was in the hospital at Del Sol Medical Center from on or about August 19, 2019 to August 25, 2019.

10. While in the hospital, Plaintiff was visited by Assistant Project Manager Miguel Orozco. Ramon Smith and Madelyn Hernandez, Human Resources, contacted Plaintiff while he was in the hospital.

11. On or about August 25, 2019, Plaintiff was released from the hospital with a restriction of working no more than 4 hours. Defendant stated that they did not have light duty work. Defendant did not allow Plaintiff to return to work.

12.     Plaintiff applied for FMLA and was granted FMLA leave by Defendant. Plaintiff's leave was designated as FMLA leave from August 19, 2019 to the date of his termination.

13.     While Plaintiff was on leave, he was constantly contacted by his employer and asked questions about work and when he would return to work. The constant contact discouraged Plaintiff from using his FMLA and Plaintiff applied for short term disability. Due to Defendant's constant contact and questioning about when he would return to work, Plaintiff felt the need to rush his treatment and return to work as soon as possible.

14.     During his FMLA leave, Plaintiff was required to drive to and visit Defendant's offices. On approximately two occasions, Plaintiff traveled to Defendant's office in Canutillo, Texas to turn in and sign documents requested by Defendant. On approximately two occasions, Plaintiff was required to visit Defendant's job site located on El Paso Street and San Antonio Street to meet with Roman Marquez, Project Manager.

15.     On or about September 13, 2019, Plaintiff was terminated from his employment.

16.     On or about October 18, 2019, Plaintiff was released to full duty with no restrictions. Defendant interfered with Plaintiff's FMLA rights when it did not restore Plaintiff to his job after his FMLA leave ended.

17.     On or about September 13, 2019, Plaintiff was sent an email from Madeline Rodriguez informing him that he was being terminated for personal use of a company gas card. The reason was pretext for discrimination and retaliation.

### III. Causes Of Action

A.   FAMILY MEDICAL LEAVE ACT VIOLATIONS – INTERFERENCE AND RETALIATION

18.     Plaintiff alleges and incorporates the allegations contained in Paragraphs 1 through

3

16 as if fully stated herein.

19. Plaintiff has satisfied all jurisdictional prerequisites in connection with his claim under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et. seq.*

20. Defendant is an employer[s] as defined by the FMLA in 29 U.S.C. §2611(4).

21. During the time that Plaintiff was employed by Defendant, he was an "eligible employee" as defined by the FMLA in 29 U.S.C. §2611(2).

22. While Plaintiff was employed by Defendant, Plaintiff suffered from a car accident and subsequent heart attack which can be defined as a "serious health condition" under the FMLA as outlined in 29 U.S.C. §2611(11).

23. Plaintiff was entitled to medical leave to care for his own serious health condition as provided for in the FMLA (in 29 U.S.C. §2612(a)(1)(A) and (D).

24. Defendant interfered with Plaintiff FMLA leave when it discouraged him from taking said leave. 29 C.F.R. § 825.220(b).

25. Finally, Defendant failed to reinstate Plaintiff as required under the FMLA.

26. Prior to exhausting the twelve (12) weeks of medical leave allowed under the FMLA (as discussed in 29 U.S.C. § 2612(a)(1)), Defendant retaliated against Plaintiff for taking medical leave under the FMLA.

27. Defendant retaliated against Plaintiff for requesting time to take off taking medical leave under the FMLA as outlined in 29 U.S.C. § 2615(a).

### IV. Damages

28. As a result of Defendant's violations of the FMLA, Plaintiff has suffered actual damages in the form of lost wages and benefits (past and future), in an amount that has not yet been fully established, but which will be provided at time of trial. Plaintiff's damages are within

the court's jurisdictional limits. Pursuant to the amendment of Texas Rule of Civil Procedure 47, Plaintiff pleads as stated in the Rule: (4) monetary relief over $250,000 but not more than $1,000,000. *See* Tex. R. Civ. P. 47.

29. As a result of this willful violation of the FMLA, Plaintiff requests that he be awarded all damages, to which he is entitled, as outlined in 29 U.S.C. §2617, including, but not limited to, lost wages, salary, employee benefits, and any other compensation denied or lost as a result of the violation, plus interest. In addition, Plaintiff requests liquidated damages equal to the amount of reimbursable compensation described above. Plaintiff also requests any additional equitable relief to which he is entitled.

30. Plaintiff also requests reasonable attorney's fees and court costs.

## V. Jury Demand

31. Plaintiff requests trial by jury on all claims.

## VI. Request for Disclosure

32. You are requested to disclose the information or material described in Rule 194.2 at or within 30 days after the filing of the first answer. With regard to the material described in Rule 194.2(b), please answer to the full extent authorized by the rules, which should include the names of all individuals and entities with an ownership interest in the business.

## VII. Prayer For Relief

Wherefore, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendant as follows:

a. Judgment against Defendant for Plaintiff's actual damages, including lost wages and benefits (both back pay and front pay), amount to be determined;

b. Judgment against Defendant for liquidated damages for the maximum amount allowed by law, including doubling of all back pay awarded;

c. An order that Defendant take such other and further actions as may be necessary to redress Defendant's violation of the FMLA;

d. Pre-judgment and post-judgment interest at the maximum amount allowed by law; Costs of suit, including attorney's fees; and

f. The award of such other and further relief, both at law and in equity, including injunctive relief and reinstatement, to which Plaintiff may be justly entitled.

Respectfully submitted,

**MARTINEZ & MARTINEZ LAW FIRM, PLLC**
*Attorneys for Plaintiff*
2110 E. Yandell Dr.
El Paso, Texas 799093
(915) 541-1000
(915) 541-1002 (Facsimile)

By: */s/ Jonathan L.R. Baeza*
**RAYMOND D. MARTINEZ**
State Bar No. 24002537
raymond@martinezlawyers.com
**JONATHAN L.R. BAEZA**
State Bar No. 24092066
jonathan@martinezlawyers.com

**IN THE 243rd JUDICIAL DISTRICT COURT**
**EL PASO COUNTY, TEXAS**

| | |
|---|---|
| **LUIS MENDOZA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 2021-DCV-3043 |
| ) | |
| **JORDAN FOSTER CONSTRUCTION, LLC,** ) ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S ORIGINAL ANSWER**

JORDAN FOSTER CONSTRUCTION, LLC ("Defendant") in the above-entitled and numbered cause, files this its Original Answer to Plaintiff's Original Petition, as follows:

**I.**
**GENERAL DENIAL**

Defendant invokes the provisions of Rule 92, Texas Rules of Civil Procedure and hereby exercises its legal right to require Plaintiff to prove all allegations in Plaintiff's Original Petition. Further, Defendant denies each and every, all and singular, allegations concerning liability and damages contained in Plaintiff's Original Petition and demands strict proof of each such allegation.

**II.**
**PRAYER FOR RELIEF**

FOR THESE REASONS, Defendant respectfully prays that (1) Plaintiff take nothing by his suit, (2) Defendant be granted a take-nothing judgment against Plaintiff, (3) Defendant recover its costs and attorneys' fees, and (4) Defendant have such other and further relief, general and special, legal and equitable, to which Defendant may be justly entitled.

Respectfully submitted,

/s/ *Scott A. Agthe*
Scott A. Agthe
State Bar No. 00934800
FISHERBROYLES, LLP
3801 N. Capital of Texas Highway
Ste. E240, #431
Austin, Texas 78746
(512) 905-2593 Telephone
(512) 717-7745 Facsimile
scott.agthe@fisherbroyles.com
**Attorneys for Defendant**

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing *Defendant's Original Answer* has been served to the following counsel of record on October 18, 2021 by electronic service.

Raymond D. Martinez
Jonathan L. R. Baeza
2110 E. Yandell Dr.
El Paso, TX 79903
raymond@martinezlawyers.com
jonathan@martinezlawyers.com

/s/ *Scott A. Agthe*
Scott A. Agthe

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Scott Agthe on behalf of Scott Agthe
Bar No. 934800
scott.agthe@fisherbroyles.com
Envelope ID: 58268005
Status as of 10/18/2021 1:08 PM MST

Associated Case Party: Luis Mendoza

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Cynthia Hernandez | | assistant@martinezlawyers.com | 10/18/2021 9:43:27 AM | SENT |
| Jonathan LRBaeza | | jonathan@martinezlawyers.com | 10/18/2021 9:43:27 AM | SENT |
| Raymond Martinez | | raymond@martinezlawyers.com | 10/18/2021 9:43:27 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jonathan Baeza | 24092066 | jonathan@martinezlawyers.com | 10/18/2021 9:43:27 AM | SENT |